Peck, J.
delivered the following opinion of the Court: —
This is a motion for an order to the treasurer to pay a balance of cost the State is bound to pay, and which remains unsatisfied. The motion is founded on the Act of 1820, ch. 16, which provides, “that in all criminal prosecutions above the grade of petit larceny, where there may be a change *72 of venue from one county to another, the State shall pay all costs accruing thereupon after such change, that the county from which such cause may be taken by change of venue would be bound to pay, under the law which this is intended to amend; provided, said bill of cost shall be first examined and certified to be correct and just by the judge of the Circuit Court trying such cause.”
Delap had been indicted for murder- in Campbell County. By change of venue the cause had been taken to Hawkins County where he was tried, convicted, and on appeal to this Court, judgment and execution was awarded against him. A fieri facias has run against his estate; real and personal property has been levied on and sold; the sheriff returns no other personal property to be found in his county; it appears by the execution and return that a large sum remains due.
By a bill of cost accompanying the execution, it appears that about the sum of $1,260 costs have been incurred since the change of venue. The execution issues for fourteen hundred and sixty-one dollars and thirty-one and a fourth cents cost in both counties, and about six hundred dollars has been made by the sheriff.
By the Act of 1813, ch. 136, § 2, which must be taken in connection . with the Act before mentioned, the order should be an order of record and must he founded on the ascertainment of one of two facts ; either, that at the time of conviction the “ defendant ” had no property to satisfy the costs, or that the property he then possessed had been exhausted in payment of costs so far as it would go; which appearing to the Court in either case, the order would then follow as a consequence, and the clerk by this Act is the person designated to make out a certificate to the treasurer.
The following are held to be insuperable objections to granting the order in this case : —
First, the order of record and certificate of the clerk of the Circuit Court trying the cause is wanting. The bill of cost should have been submitted for the inspection of the Court, and received judgment of approval, all which must be evidenced by his order of record and the certificate of the clerk.
Second, the case here presented does not show that all the property of the convicted person has been exhausted ; the return shows that fact as to personal property in Campbell County, prima facie by the return there is no more goods and chattels ; yet, there may be real estate, for that idea is not negatived by the return; and before these orders can legally be made, there should be a judgment of the Court that there is no property of the convicted person out of which the costs can be made.
Third, the bill of cost accompanying this execution, if the Court could act without the order of the Court and certificate of the clerk trying the cause, is too inartificially made out for this Court to act upon. The items *73 are not set forth as the law requires ; no distinction is drawn between the cost incurred by the State in the prosecution and those incurred by the party convicted; and this distinction is indispensably necessary, for the State is liable only to her own costs.
These motions are generally on one side. Great cafe and circumspection should be observed in granting these applications ; for while we admit the justice of the demand made by those who have been obedient to the calls of the State, suffered privation and incurred expense, yet, the application to be effectual must at all times be presented in legal form.
Loose orders to the treasurers, not conforming to the rules of construction growing out of these Acts, may produce serious consequences to those officers and to the State. Such orders may be paid, and the propriety of such payment called in question in the settlement of accounts. If the form or substance should be overlooked in the settlement, then, by a negligent practice, the State might be defrauded.